**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YL CHICAGO FUND, LLC, | |
| Plaintiff, | |
| v. | No. 20-cv-3940 |
| | Judge Franklin U. Valderrama |
| 5035 N. LINCOLN AVENUE, LLC; | |
| 5015 N. LINCOLN AVENUE, LLC; | |
| 5019 N. LINCOLN AVENUE, LLC; | |
| 5025 N. LINCOLN AVENUE, LLC; | |
| 5029 N. LINCOLN AVENUE, LLC; | |
| ZIVKOVIC FAMILY HOLDINGS, | |
| LLC; and JOSEPH ZIVKOVIC, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

YL Chicago Fund, LLC ("Plaintiff") filed an action for Confession of Judgment and Declaratory Relief against 5035 N. Lincoln Avenue, LLC ("Borrower") and each of six Guarantors (5015 N. Lincoln Avenue, LLC; 5019 N. Lincoln Avenue, LLC; 5025 N. Lincoln Avenue, LLC; 5029 N. Lincoln Avenue, LLC; Zivkovic Family Holdings, LLC; and Joseph Zivkovic) (collectively, "Defendants") following Borrower's default on a promissory note. On July 10, 2020, based on a confession of judgment provision included in the promissory note and the securing commercial guaranty agreements, the Court issued an Order of Judgment by Confession against Defendants and awarded damages to Plaintiff in the amount of $2,742,307.00 plus late fees, attorneys' fees, expenses, and other reasonable costs. R. 10, Judgment.[1] Defendants now move

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

1

to vacate the Court's Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6). R. 13, Mot. to Vacate. Defendants also move to strike a declaration filed as an exhibit to Plaintiff's Sur-Reply in Opposition to the Motion to Vacate. R. 33, Mot. to Strike. For the reasons stated below, the Court denies Defendants' Motion to Strike as moot and denies Defendants' Motion to Vacate.

## Background

On or about September 6, 2019, Borrower obtained a loan in the principal amount of $1.3 million from YL Chicago Fund, LLC (the "Loan"). R. 1, Compl. ¶ 15. The Loan was evidenced by a Secured Promissory Note between Borrower and Plaintiff, signed by Borrower's representative and notarized as of September 5, 2019 (the "Note"). Compl., Exh. 1, Note. The Note details the sum of the borrowed principal, includes a formula for calculating owed interest on the principal, and attaches a loan payment schedule. Paramount to this lawsuit, the Note also contains a confession of judgment clause, which, in the event of default, authorizes any attorney to confess judgment on behalf of Plaintiff for the unpaid Note amount. Specifically, the Note reads, in relevant part:

> **FOR VALUE RECEIVED**, the undersigned, 5035 N. Lincoln Avenue, LLC, an Illinois limited liability company ("Maker"), promises to pay to the order of YL Chicago Fund LLC, an Illinois limited liability company ("Holder"), the principal sum of
>
> **One Million Three Hundred Thousand and No/100 Dollars ($1,300,000.00)**
>
> with interest from the date of this Note on the balance of principal remaining from time to time unpaid at the rate of the ninety three percent (93%) per annum, compounding monthly, from the date of this Note until paid, or the maximum amount allowed by applicable law,

2

whichever is less, until the entire "Indebtedness" is paid in full. Interest shall be computed on the basis of a year of 360 days and the actual number of days elapsed.

\*\*\*

Maker will make payments pursuant to the payment schedule on Exhibit A attached hereto (each such payment a "Note Payment") until the Indebtedness is paid in full. [...] 180 days after the date of the Note ("First Payment Due"); Note Payment amount due: $800,000.00 [...].

\*\*\*

[I]f [...] default continues uncured for ten (10) days after notice specifying the default, shall at the election of the Holder cause the entire unpaid Indebtedness to become due and payable at once [...].

\*\*\*

5. [BORROWER] HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY-AT-LAW TO APPEAR IN ANY COURT OF RECORD AND TO CONFESS JUDGMENT AGAINST [BORROWER] FOR THE UNPAID AMOUNT OF THIS NOTE AS EVIDENCED BY AN AFFIDAVIT SIGNED BY AN OFFICER OR MANAGER OF [PLAINTIFF] SETTING FORTH THE AMOUNT THEN DUE, ATTORNEY'S FEES PLUS COSTS OF SUIT, AND TO RELEASE ALL ERRORS, AND WAIVE ALL RIGHTS OF APPEAL. IF A COPY OF THIS NOTE VERIFIED BY AN AFFIDAVIT, SHALL HAVE BEEN FILED IN THE PROCEEDING, IT WILL NOT BE NECESSARY TO FILE THE ORIGINAL AS A WARRANT OF ATTORNEY. [BORROWER] WAIVE [SIC] THE RIGHT OF ANY STAY OF EXECUTION AND THE BENEFIT OF ALL EXEMPTION LAWS NOW OR HEREAFTER IN EFFECT. NO SINGLE EXERCISE OF THE FORGOING WARRANT AND POWER TO CONFESS JUDGMENT WILL BE DEEMED TO EXHAUST THE POWER, WHETHER OR NOT ANY SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, VOIDABLE, OR VOID; BUT THE POWER WILL CONTINUE UNDIMINISHED AND MAY BE EXERCISED FORM [SIC] TIME TO TIME AS [PLAINTIFF] MAY ELECT UNTIL ALL AMOUNTS OWING ON THIS NOTE HAVE BEEN PAID IN FULL. [BORROWER] HEREBY WAIVES AND RELEASES ANY AND ALL CLAIMS OR CAUSES OF ACTION WHICH [BORROWER] MIGHT HAVE AGAINST ANY ATTORNEY ACTING UNDER THE TERMS OF AUTHORITY WHICH BORROWER HAS GRANTED HEREIN

3

ARISING OUT OF OR CONNECTED WITH THE CONFESSION OF
JUDGMENT HEREUNDER.

Note at 1–2, 4.

Payment and performance of the Note was guaranteed pursuant to a Guaranty
Agreement between Plaintiff and each of the six Guarantors (a "Guaranty" and
collectively, the "Guarantees"). Compl., Exhs. 2–7, Guarantees. Under the
Guarantees, each of the Guarantors unconditionally and irrevocably guaranteed full
and punctual payment and satisfaction of the indebtedness of Borrower to Plaintiff
for the Loan and all of Borrower's obligations to Plaintiff under the Note and other
loan documents. *Id.*; *see also* Compl., ¶ 17. The Guarantees each contained a
confession of judgment provision identical to the confession of judgment provision
included in the Note (copied above). *See, e.g.,* Compl., Exh. 2 ¶ 23. The Loan was
additionally secured by a Pledge Agreement dated as of September 6, 2019. Compl.,
Exh. 8, Pledge Agreement.

Plaintiff maintains that in March of 2020, Borrower defaulted under the Note
by failing to timely make the first payment of $800,000.00 per the Payment Schedule,
among other defaults. Compl. ¶ 19. On June 19, 2020, Plaintiff delivered a notice of
default to Borrower and copied the Guarantors. Compl., Exh. 9, Notice of Default. At
that point, the amounts due under the Note were accelerated. Compl. ¶ 21. According
to Plaintiff, neither Borrower nor Guarantors had paid Plaintiff the amounts due and
owing under the Loan or otherwise cured any of the defaults as required under the
Note and Guarantees. *Id.*

4

Accordingly, and pursuant to the Note and Guarantees' confession of judgment provisions, Plaintiff filed a federal suit for confession of judgment and declaratory relief on July 6, 2020. Compl. ¶ 1. Plaintiff contemporaneously filed the Declaration of Yuval Lapidot, Plaintiff's manager, with the Complaint. R. 2, Lapidot Decl. In his Declaration, Mr. Lapidot testified that as of the filing of the lawsuit, the amount of principal and interest due and owing to Plaintiff under the Loan and pursuant to the Note was $2,742,307.00 (comprised of $1,300,000.00 in principal and $1,442,307.00 in calculated interest). *Id.* at ¶ 9. Mr. Lapidot further testified that $2,742,307.00 was exclusive of late fees, attorneys' fees, costs, and expenses. *Id.*

On July 9, 2020, Plaintiff filed a motion for partial judgment on the pleadings as to Counts I through VII of the Complaint (the "Confession Counts"), asserting that the Court should enter judgment where Borrower and each of the Guarantors have confessed judgment (per the confession of judgment provisions of the Note and Guarantees) and waived any and all defenses. R. 7, Mot. Part. J. On July 10, 2020, the Court[2] entered an Order of Judgment by Confession. *See* Judgment at 2 ("Borrower and each of the Guarantors, by its or his attorney, consents to the entry of judgment in favor of YL and against each of Borrower and Guarantors, jointly and severally, for the amount of the damages for the sum of $2,742,307.00 and for late fees and attorneys' fees, expenses and other reasonable costs of collection.").

On July 31, 2020, three weeks after the Judgment was entered, Defendants' attorney filed an appearance and moved to vacate the Court's Judgment. R. 12, Defs.'

---

[2]At that time, this case was pending before Judge Gettleman. This case was reassigned to this Court on September 28, 2020. R. 31.

Att'y App.; Mot. to Vacate. In the course of briefing the Motion to Vacate, Defendants raised a new argument in their Reply brief concerning a Note provision regarding an affidavit. *See* R. 24, Defs.' Reply at 6–7. The Court afforded Plaintiff an opportunity to respond to this argument. R. 29, 09/09/20 Min. Entry. Plaintiff filed its Sur-Reply[3] and attached a Declaration of Plaintiff's counsel, Alon Applebaum. R. 30, Exh. A, Applebaum Decl. Shortly thereafter, Defendants filed a motion to strike Mr. Applebaum's Declaration. R. 33. The Court now rules on both the pending motion to vacate and the motion to strike. The Court addresses the motion to strike as part of the motion to vacate discussion regarding affidavits. *See infra* at 17–20.

### Legal Standards

Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment or order based on one of six reasons. *See* Fed. R. Civ. P. 60(b)(1)–(6). The Seventh Circuit has clarified that relief under any of Rule 60(b)'s reasons may only be granted "under exceptional circumstances." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012); *see also Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (relief from judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances") (internal citations omitted). This principle is rooted in a "strong policy favoring the finality of judgments." *Lee v. Village of River Forest*, 936 F.2d 976, 978 (7th Cir.

---

[3] The Court notes that while Plaintiff designates its brief as a "Sur-Reply," the brief is more appropriately characterized as a "Sur-Response," because it was filed in response to Defendants' Reply. *See Black's Law Dictionary* 1674 (10th ed. 2014) (a surresponse is the "second response by someone who opposes a motion" and generally "comes in answer to the movant's reply.") No matter, for the purposes of this Opinion, the Court adopts Plaintiff's "Sur-Reply" designation.

1991) (quoting *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986)). Defendants bring their motion to vacate under Rules 60(b)(4) and 60(b)(6).

Rule 60(b)(4) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding...[if] the judgment is void[.]" Fed. R. Civ. P. 60(b)(4). "The list of such infirmities is exceedingly short . . . A judgment is not void, for example, simply because it is or may have been erroneous." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations and quotations omitted). "Rule 60(b)(4) is intended for cases where the district court issuing the underlying judgment lacked jurisdiction or acted in a manner inconsistent with due process." *Richards v. Stevens*, 327 Fed. App'x. 659, 660 (7th Cir. 2009) (citing *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1018 (7th Cir. 2002)).

Rule 60(b)(6) is the catch-all relief provision, providing that the court may vacate a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "In a rule already limited in application to extraordinary circumstances, proper resort to this 'catch all' provision is even more highly circumscribed." *Provident Sav. Bank v. Popovich,* 71 F.3d 696, 700 (7th Cir. 1995); *see also In re Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997) (calling Rule 60(b)(6) an "even more highly circumscribed exception"). Defendants must meet a "heavy burden" of proof that extraordinary circumstances are present to justify relief under Rule 60(b)(6). *Plisco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967).

## Discussion

### I. Defendants' Arguments in Support of Vacating Judgment

Defendants raise several arguments in support of their requested relief under Rules 60(b)(4) and 60(b)(6), most of which challenge the enforceability of the underlying confession of judgment provisions—the contractual authority for the resulting Judgment by Confession. Namely, Defendants assert that the Judgment should be vacated, because (1) the confession of judgment provisions fail to contain an ascertainable amount for which Defendants could be held liable in the event of a default; (2) the confession of judgment provisions and transactional documents are ambiguous and cannot be applied without resorting to documents outside the four corners; (3) Plaintiff fails to include an affidavit in compliance with the confession of judgment provisions and federal law; (4) the confession of judgment provisions violate the Illinois Rules of Professional Conduct ("IRPC"); (5) Borrower has already made payments that were intended to be paid to Plaintiff; and finally, (6) Plaintiff fails to include an affidavit signed by an officer of the Borrower, as required under the Note. *See* Mot. to Vacate at 4–5; Defs.' Reply at 6–7. In response, Plaintiff maintains that Defendants have not met their heavy burden of proof that extraordinary circumstances are present to warrant relief under Rule 60(b), as none of these arguments constitute a meritorious defense that would justify the opening of a confessed judgment. R. 16, Pl.'s Resp. at 6–7.

The Court will address each of Defendants' arguments and Plaintiff's responses in turn, but first, as a threshold matter, the Court notes that none of

8

Defendants' proffered arguments support relief under Rule 60(b)(4). As explained above, Rule 60(b)(4) permits a court to vacate a final judgment if the judgment is "void." Defendants appear to argue that because the underlying confession of judgment provisions are "void" (due to ambiguous language, for example), the resulting judgment is therefore "void." Mot. to Vacate at 1. Defendants are mistaken in this analysis. Rule 60(b)(4) is decidedly reserved "for cases where the district court issuing the underlying judgment lacked jurisdiction or acted in a manner inconsistent with due process." *Richards*, 327 Fed. App'x. at 660. None of Defendants' arguments suggest that the Court lacked jurisdiction or acted inconsistently with due process in rendering its Judgment.

Since Defendants advance no basis for vacating the Confession of Judgment under Rule 60(b)(4), that leaves Rule 60(b)(6) as the remaining authority for the requested relief. As such, the issue at hand is whether the Defendants' proffered arguments present the requisite highly extraordinary circumstances that would warrant opening a confessed judgment under the Rule 60(b) catch-all.

## 1. Ascertainment of the "Amount Then Due"

First, Defendants argue that the Note and Guarantees' confession of judgment provision is not enforceable, because while the provision authorizes an attorney to confess judgment and set forth "the amount then due," such an "amount then due" is not ascertainable from the instruments and cannot be calculated without considering information outside the Note and Guarantees. Mot. to Vacate at 5–10. Specifically, Defendants claim that earlier provisions of the Note reference undefined and

9

ambiguous costs and fees, including a prepayment premium, a special interest fee, default fees, and other amounts due, "none of which were known when the Note was executed and clearly require the introduction of evidence beyond the four corners of the document to calculate […]." *Id*. at 8. Defendants chiefly rely on *Grundy Cty. Nat. Bank v. Westfall*, a 1971 case in which the Illinois Supreme Court vacated the lower court's judgment by confession, finding that the underlying guaranty agreement was defective, as it neither specifically stated the amount which might be confessed nor permitted its ascertainment. 275 N.E.2d 374, 376 (Ill. 1971).

Plaintiff responds that the amount then due *is* clearly ascertainable within the four corners of the instruments. Pl.'s Resp. at 8. Plaintiff contends that under the Note, Borrower clearly promised to pay the principal sum of $1.3 million with interest on the unpaid principal balance, and the Note explains exactly how to calculate that interest by providing the interest rate, with monthly compounding on the basis of a year of 360 days and the actual days elapsed. *Id*. Plaintiff submits that Defendants' references to "ambiguous" fees are essentially red herrings, as the amount of the confessed judgment is comprised of two figures and two figures only: principal plus interest. Plaintiff cites to several Illinois cases, including *Cole v. Davis*, which confirm that a confession of judgment provision is enforceable even if it includes a variable interest rate. *See Cole v. Davis*, 63 N.E.3d 946, 958–59 (Ill. App. Ct. 2016) ("[A] confession of judgment clause with a fixed principal amount due and a variable interest rate is not legally insufficient under Illinois case law interpreting the statutory right to confess judgment."). The Court agrees.

As a starting point, Defendants' primary authority for finding a confession provision invalid based on an unascertainable amount due (*Grundy*) is plainly distinguishable. In *Grundy*, the guaranty agreement provided *no* evidence of liability whatsoever. The amount due was a fill-in-the-blank space that was left blank at the time of the signing and was only filled in with a handwritten "$50,000.00" at the time of the judgment. *Grundy*, 275 N.E.2d at 376. Without the ability to ascertain the amount confessed, the *Grundy* court found that the power to confess judgment was invalid. *Id*. The facts here are far afield from *Grundy*. Here, the Note clearly states Borrower owes principal in the amount of $1.3 million plus interest and clearly details the formula for calculating said interest. Pl.'s Resp. at 8; *see also* Note at 1 ("principal sum of […] ($1,300,000.00) with interest"). Where the principal amount is fixed and the interest is variable, as is the case here, the confession of judgment provision is still enforceable under Illinois law. *Cole*, 63 N.E.3d at 958. Moreover, the Court agrees with Plaintiff that Defendants' references to other costs and fees are irrelevant. The Judgment ordered payment of $2,742,307.00 ($1,300,000.00 (principal) plus $1,442,307.00 (interest)). Judgment at 2. There is no mention of a special interest payment, default fees, or a prejudgment premium in the Judgment Order, and any ambiguity regarding those terms, real or perceived, is of no import in ascertaining the amount owed. *Id*.

In short, the primary authority cited by Defendants is clearly distinguishable from this case, and Defendants' unascertainable amount argument does not present

a meritorious defense that would justify opening the confessed judgment under Rule 60(b)(6).

### 2. Ambiguity of the Note and Guarantees

Second and relatedly, Defendants argue that the Judgment should be vacated, because the Note and Guarantees contain ambiguous language and present questions of fact which require the Court to consider evidence beyond the transactional documents. Mot. to Vacate at 4. Defendants assert that there are two main areas of ambiguity. Defendants argue that the calculation of the amount then due under the Note is ambiguous. *Id*. at 6–8. Defendants also contend that there is confusion regarding the date of the Note's execution, which calls the enforceability of the securing Guarantees into question. Because Defendants' ambiguity argument as it relates to the amount due has already been discussed and dismissed (*see supra* 9–11), the Court need not revisit that argument. Instead, the Court focuses on Defendants' ambiguity argument with respect to the date of the Note's execution.

Defendants contend that the Guarantees define the Note as the "Secured Promissory Note of even date herewith." Mot. to Vacate at 11; *see also* Compl., Exh. 2, 5015 N. Lincoln Guaranty at 1. Defendants assert that the Note attached to the Complaint is dated September 5, 2019, but the Guarantees (which include the "of even date herewith" language) all state an effective date of September 6, 2019. Mot. to Vacate at 11. Defendants suggest that because the "of even date herewith" language prompts a date analysis to link the Guarantees to the Note, conflicting dates require the introduction of extrinsic evidence. *Id*. And, Defendants assert, an

12

introduction of extrinsic evidence requires a vacating of the Judgment. *Id*. Defendants cite two cases—*Ninow v. Loughnane* and *Sullivan v. Cox*—for the proposition that judgments by confession should be vacated when there is ambiguity concerned the underlying transactional documents, and questions of fact exist. *Id*. at 6 (citing *Ninow v. Loughnane,* 431 N.E.2d 1267 (Ill. App. Ct. 1981); *Sullivan v. Cox*, 78 F.3d 322 (7th Cir. 1996)).

In response, Plaintiff questions the relevance of the conflicting dates argument. Pl.'s Resp. at 11. Plaintiff notes that Defendants do not argue that the Guarantees fail to secure the Note. *Id*. Nor do Defendants suggest that parol evidence would prove otherwise. *Id*. No matter, as Plaintiff insists that the "of even date herewith language" is not ambiguous. *Id*. Plaintiff maintains that there is only one reasonable interpretation of the documents' execution timeline—Borrower's representative signed the Note, and Guarantors' representative signed the Guarantees on September 5, 2019 before their attorney notarized the documents on September 6, 2019. *Id*. Plaintiff contends that the Guarantees obviously secure the Note. *Id*. The Note evidences a $1.3 million loan between Defendants and Plaintiff, and the Guarantees state that the Note evidences a $1.3 million loan between Defendants and Plaintiff. *Id*.; *see also* Note at 1; 5015 No. Lincoln Guaranty at 1. There are no other notes or guarantees between Plaintiff and Defendants, and Plaintiff argues that Defendants make no effort to suggest otherwise. Further, Plaintiff distinguishes Defendants' cited authority. Pl.'s Resp. at 11. Plaintiff argues that in *Ninow*, the Illinois Appellate Court reversed the judgment by confession,

finding that a payment renegotiation clause created an ambiguity regarding the effectiveness of a declaration of default and the acceleration of indebtedness; it was unclear if there could be acceleration without renegotiation. *Id.* (citing *Ninow*, 431 N.E.2d at 1271). In other words, there were questions of fact about the underlying liability. Similarly, in *Sullivan*, the Seventh Circuit denied summary judgment, finding that there were questions of fact about the liability of an individual who signed a benefit plan contract as the president of a company without identifying the company's full corporate name. *Id.* (citing *Sullivan*, 78 F.3d at 327).

Upon review of the Note provision, the Court finds that the timeline is not ambiguous. An ambiguity only exists when a contract "contains language that is susceptible to more than one reasonable interpretation." *Hillenbrand v. Meyer Med. Grp., S.C.*, 682 N.E.2d 101, 104 (Ill. App. Ct. 1997) (internal citations omitted). There is only one reasonable interpretation with regard to document dates. The Note and Guarantees were signed on September 5, 2019, and the Note was notarized on September 6, 2019. No extrinsic evidence is required to interpret the "of even date herewith" language. And perhaps most importantly, even if the language were ambiguous, it has no bearing on whether Guarantors are liable for Borrower's loan of $1.3 million plus interest. The Guarantees clearly secure a $1.3 million loan from Plaintiff to Defendants. 5015 No. Lincoln Guaranty at 1. Defendants' ambiguity argument is not supported by a developed legal or factual basis that would present a question of fact regarding the Guarantors' liability that would warrant opening the confessed judgment under Rule 60(b)(6).

14

### 3. Sufficiency of the Affidavit

Third, Defendants assert that the confession of judgment provision requires the submission of an affidavit, which sets forth the amount due, and Mr. Lapidot (Plaintiff's manager)'s Declaration is not a sufficient affidavit. Mot. to Vacate at 11 (citing Lapidot Decl.). Defendants maintain that the Lapidot Declaration fails to comply with 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury) and fails to set forth the amount then due. *Id*. To the contrary, Plaintiff contends that the Lapidot Declaration follows the exact language of 28 U.S.C. § 1746 and includes a clear breakdown of principal and interest due under the Note as required under the confession of judgment provision. Pl.'s Resp. at 12.

The Court finds that Plaintiff yet again has the better of the arguments here. The Lapidot Declaration indeed includes the language required under 28 U.S.C. § 1746 for a declaration executed outside the United States. *Compare* Lapidot Decl. at 3 ("Pursuant to 28 U.S.C. § 1746, I, Yuval Lapidot, declare under penalty of perjury under the laws of the United States of America that the statements set forth in this instrument are true and correct.") *with* 28 U.S.C. § 1746 ("I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."). Further, the Court finds that the Lapidot Declaration includes a table breakdown of the principal and interest owed, in compliance with the confession provision's affidavit requirement. Lapidot Decl. at 2. Defendants' affidavit challenge fails, as it does not present an extraordinary circumstance that would warrant opening the confessed judgment.

15

#### 4. Confession Provision and the IRPC

Fourth, Defendants assert that the confession of judgment provision violates several Illinois Rules of Professional Responsibility, including Rules 1.3, 1.4, 1.7, and 1.8, and should therefore be deemed void. Mot. to Vacate 12–18.

The Court need not address each allegedly violated Rule, as the Court agrees with Plaintiff's argument that confession of judgment provisions have been expressly permitted under Illinois law, and no attorney-client relationship is created between Plaintiff's counsel and the debtor by the signing of a confession of judgment. Pl.'s Resp. at 13–14; *see also Bay Group Health Care, LLC v. Ginsberg Jacobs, LLC*, 2017 WL 770984 at *4 (N.D. Ill. Feb. 28, 2017) (finding that no attorney-client relationship was created by plaintiffs' attorney signing the confession of judgment); *Citibank, N.A. v. Bearcat Tire*, A.G., 550 F. Supp. 148, 150–51 (N.D. Ill. 1982) (finding that confession of judgment by plaintiff's counsel is expressly permitted under Illinois law and does not invalidate the judgment). A confession of judgment, as Plaintiff notes, authorizes any attorney to appear and confess judgment *against* Defendants and certainly does not require the creation of an attorney-client relationship or appearance *on behalf of* Defendants. Pl.'s Resp. at 15. While perhaps an imaginative argument, a challenge based on the IRPC has no support in case law; without an attorney-client relationship, Rules 1.3, 1.4, 1.7, and 1.8 are inapplicable. Defendants' arguments regarding the IRPC do not raise meritorious defenses that would warrant vacating the confessed judgment here.

### 5. Payments Unaccounted For

Fifth, Defendants contend that Plaintiff failed to credit supposed payments against their debt under the Note. Mot. to Vacate at 9. Defendants assert that they made payments in the amount of $433,951.00 to Justin Toti and Allport-Peoria, LLC (equity owner of four Guarantors) for the purpose of paying Plaintiff and attach a Declaration by Joseph Zivkovic, who declares that to the "best of [his] knowledge, these payments were made." Mot. to Vacate, Exh. B, Zivkovic Decl. Plaintiff counters that these "supposed payments (real or imagined) do not constitute payments to [Plaintiff]." Pl.'s Resp. at 12.

The Court agrees with Plaintiff. Payments to Justin Toti and Allport-Peoria, LLC do not constitute payments made to Plaintiff, and Defendants do not provide any connection between this payment amount and the amount owed to Plaintiff. There is not enough here to constitute extraordinary circumstances warranting opening the confessed judgment.

### 6. Another (Late Raised) Affidavit Sufficiency Argument

Finally, Defendants attempt to revive their affidavit sufficiency argument in their Reply brief, this time with a new spin. For the first time in their Reply, Defendants assert that the judgment is void, because the confession of judgment provision required that "the unpaid amount of this note" must be "evidenced by an affidavit signed by an officer or manager of *Maker* [a.k.a. Borrower] setting forth the amount then due." Reply at 6–7 (citing Note at 2) (emphasis added)). Defendants argue that the Lapidot Declaration detailing the amount then due was prepared and

17

signed by a manager of the Plaintiff (Lender), not the Borrower. *Id.* at 7. Because Plaintiff did not submit an affidavit signed by the Borrower, Defendants contend that the confession of judgment requirements were not met, and the resulting judgment should be vacated. *Id.*

Typically, courts do not entertain arguments raised for the first time in a reply brief. *Dyson, Inc. v. Sharkninja Operating LLC*, 2016 WL 4720019, at *1 (N.D. Ill. Sept. 9, 2016) ("Arguments raised for the first time in a reply brief are waived.") (citing *United States v. Kennedy*, 726 F.3d 968, 974 n.4 (7th Cir. 2013)). In this case, however, the Court permitted Plaintiff to respond to this late-raised argument by filing a Sur-Reply.[4] Because the Court allowed additional briefing on this new argument, the Court will consider Defendants' late-raised argument and Plaintiff's response.

In its Sur-Reply, Plaintiff maintain that this new argument does nothing to move the needle, because Defendants still have not legitimately disputed the amount owed, and the lack of an affidavit from Borrower does not invalidate the Judgment. R. 30, Pl.'s Sur-Reply at 1–2. Plaintiff contends that Defendants did not assert this affidavit challenge in their opening motion, because they know that an affidavit from the Borrower was not intended by the parties' agreement. *Id.* at 2. Moreover, Plaintiff contends that the term "Maker" in the affidavit provision is obviously a scrivener's error; "Maker" should clearly be "Holder" (Plaintiff). *Id.* Plaintiff argues that Illinois

---

[4] *See* 09/09/20 Min. Entry ("MINUTE entry before the Honorable Robert W. Gettleman: On or before 9/21/2020, plaintiff is directed to respond to defendant's argument, raised for the first time in his reply brief [24] at 6–7, that the Note requires an affidavit 'signed by an officer or manager of Maker setting forth the amount then due.'").

law empowers the Court to correct such errors to give effect to parties' actual agreement and to avoid absurd results. Plaintiff then attaches the Declaration of Alon Applebaum, Plaintiff's counsel that participated in the drafting of the Note. *Id.*, Exh. A, Applebaum Dec. ¶ 5. The Applebaum Declaration purports to clarify the scrivener's error. *Id.*

The Court finds that a strict construction to the affidavit provision, as suggested by Defendants, would produce absurd results. In considering well-established case law that a court will not interpret a contract in a manner that would nullify a contractual provision or produce absurd results, the Court declines to accept that the confession of judgment provision intended for the affidavit evidencing the amount due to be submitted by the Maker/Borrower. Plaintiff notes that if "Maker" was accurately included in the provision, it would likely be the first lender in Illinois confession of judgment history to effectively nullify its own ability to obtain a judgment by confession by requiring an ask of the *borrower* for a determination of the amount owed. *See Beanstalk Grp., Inc. v. AM Gen. Corp.*, 283 F.3d 856, 860 (7th Cir. 2002) (noting that "a contract will not be interpreted literally if doing so would produce absurd results"); *see also Thompson v. Gordon*, 948 N.E.2d 39, 47 (Ill. 2011) ("A court will not interpret a contract in a manner that would nullify or render provisions meaningless.").

Defendants' argument that the judgment is void, because an affidavit by the Maker/Borrower was not submitted is unavailing and does not present extraordinary circumstances that would justify opening the confessed judgment here.

19

The Court reaches this conclusion without considering the Applebaum Declaration (the object of Defendants' pending Motion to Strike) that purports to explain the scrivener's error. *See* Mot. to Strike. Consideration of the Applebaum Declaration is unnecessary, as the Court declines to interpret the confession of judgment provision in a way that produces absurd results, regardless of the Declarant's interpretation of the intent of the parties. Because the Court did not consider the Applebaum Declaration in its analysis of Defendants' Lapidot Declaration argument, the Motion to Strike is denied as moot.

## Conclusion

Plaintiff sums up Defendants' Motion to Vacate as an attempted "search for technicalities to invalidate the judgment." Pl.'s Resp. at 1–2. The Court agrees with this characterization. None of Defendants' asserted reasons is sufficient to present a meritorious defense to their agreed-to liability or justifies relieving them from the operation of the Judgment. Defendants have not met the heavy burden of proof that extraordinary circumstances are present in this case to justify relief under Rule 60(b)(6). As such, the Motion to Vacate [13] is denied. The pending Motion to Strike [33] is denied as moot. The Court notes that a Motion to Stay a UCC Sale is also pending in this case. R. 37. The Motion to Stay will be addressed in a Minute Entry on the case docket.

Franklin U. Valderrama
United States District Judge

DATED: December 7, 2020